```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

ALEXIS ANTUNA,                  :
       Petitioner,              :
                                :    Crim. No. 3:94cr112 (AHN)
v.                              :    Civ. No. 3:06cv85 (AHN)
                                :
                                :
UNITED STATES OF AMERICA,       :
       Respondent.              :
```

RULING ON MOTION UNDER 28 USC § 2255

Pending before the court is a pro se motion [doc # 1] by petitioner Alexis Antuna ("Antuna") pursuant to 28 U.S.C. § 2255. Specifically, Antuna moves the court for a "Protective Motion to Vacate, Set Aside or Correct His Sentence" based on United States v. Booker, 543 U.S. 220 (2005), and further requests that the court hold such motion in abeyance pending the resolution by the Supreme Court or by the Second Circuit as to whether Booker, as a new rule of constitutional law, is "retroactive to cases on collateral review." For the reasons discussed below, the court denies the motion.

Background

On September 25, 1995, a jury convicted Antuna of various racketeering and drug-trafficking charges. The court sentenced Antuna to a term of life imprisonment. On July 1, 1999, the Second Circuit Court of Appeals affirmed the judgment. On April 8, 2002, Antuna filed a motion in this court to toll the time limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") for filing a motion for § 2255 relief which was

denied.[1]

On January 4, 2006, Antuna filed this motion under § 2255, although the parties now dispute the nature of the motion.

## Discussion

The sole basis of Antuna's requested § 2255 relief is that Booker may be held to apply retroactively to cases on collateral review. The government responds that because this Circuit has already found that the rules of Booker may not be applied retroactively to cases on collateral review, the court should deny Antuna's motion for § 2255 relief. Additionally, the government asserts that prior to ruling on Antuna's motion, the court should alert Antuna to the consequences of persisting in the § 2255 motion, inasmuch as it may preclude his filing a subsequent § 2255 motion. Thus, prior to ruling on the motion, the court first considers the nature of the motion.

A. Nature of the Claim

It is well-settled that a district court should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge

---

[1] Upon Antuna's appeal, the Second Circuit Court of Appeals, while vacating the district court's order, nonetheless denied the motion, construing Antuna's motion to toll the time limitations under AEDPA for filing a § 2255 motion as a motion to extend the time for filing a § 2255 motion. See Green v. United States, 260 F.3d 78 (2d Cir. 2001) (holding that a district court has no jurisdiction to consider a motion to extend time for filing § 2255 motion when no § 2255 motion has been filed in the district court because no case or controversy exists).

of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.  See Adams v. United States, 155 F.3d 582, 584 (2d. Cir. 1998).

While the government suggests that Antuna's motion amounts to a request for an extension of time for filing a § 2255 motion, it is well-settled that a district court has no jurisdiction to consider a motion to extend time for filing § 2255 motion when no § 2255 motion has been filed.  See Green, 260 F.3d at 78.[2]

The court need not recharacterize Antuna's motion as § 2255 petition because, as drafted, it is plainly brought under § 2255. Antuna's motion, entitled Memorandum of Law in Support of Petitioner's Motion under 28 U.S.C. § 2255, explicitly seeks § 2255 relief and further requests that the court hold his motion in abeyance pending a Supreme Court ruling on the retroactive application of Booker.  Further, Antuna's June 26, 2006 filing entitled Motion for Abeyance [doc # 6] makes clear that this motion is in fact a § 2255 motion inasmuch as he states therein:

> (1) As the Court is aware, Petitioner has a § 2255 Motion pending before it to which the Government submitted its response on June 15, 2006; and (2) In said motion, the

---

[2] See fn.1.

sole claim deals with the Supreme Court decision in <u>Blakely</u>, ..., and <u>Booker</u>, ... and their retroactivity application to cases on collateral review.

Thus, the motion is plainly brought under § 2255 and is properly before the court.

B.  <u>Motion for § 2255 Relief</u>

Having clarified the nature of the motion, the court denies the requested relief.  The Second Circuit has held that <u>Booker</u> did not establish either a substantive rule or a "watershed rule" of procedure, and thus it "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> issued."  <u>Guzman v. United States</u>, 404 F.3d 139, 142-44 (2d Cir. 2005).  Antuna's conviction became final on August 15, 2000; and, therefore, he cannot avail himself of the rule in <u>Booker</u>.  See <u>id.</u>

CONCLUSION

For the foregoing reasons, Antuna's petition for a writ of habeus corpus [doc # 1] is DENIED.

So ordered this 28th day of July, 2006, at Bridgeport, Connecticut.

                                    /s/
                                  Alan H. Nevas
                                  United States District Judge